# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KEVIN CHARLES McCLEAN,

    Plaintiff(s),

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant(s).

2:13-cv-00101-LDG-NJK

**ORDER**
Plaintiffs' Motion to Strike Defendant's Late Disclosed Expert Opinions (#20)

Before the Court is Plaintiff's Motion to Strike Defendant's Late Disclosed Expert Opinions (#20), which, for the reasons discussed below, is hereby DENIED. The Court has considered Plaintiff's Motion (#20), Defendant's Response (#22), and Plaintiff's Reply (#23). The Court finds that this motion appropriately resolved without oral argument. Local Rule 78-2.

## BACKGROUND

The expert disclosure deadline in this case was September 5, 2013, and the rebuttal expert deadline was October 7, 2013. Docket No. 17. Accordingly, on September 5, 2013, Plaintiff disclosed Paul Burkett as their insurance practices expert. Docket No. 20-2. Thereafter, on October 7, 2013, Defendant disclosed Steven Plitt as its insurance rebuttal expert. Docket No. 20-3, at 3. Discovery closed on November 4, 2013. Docket No. 17.

On November 1, 2013, Plaintiff filed the instant motion asserting that Plitt's opinions "provided more expert opinions than rebuttal witness testimony." Docket No. 20, at 3. Accordingly, Plaintiff asserts that Plitt's expert opinions were 32 days late and, therefore, should be stricken as untimely. *Id*.

**DISCUSSION**

Having reviewed the matter, the Court finds that Plaintiff's argument is undeveloped and unsubstantiated. Plaintiff relies on conclusory statements and broad citations with no clear examples of where Plitt's report goes beyond its stated purpose of rebutting Burkett's report. Indeed, the only argument Plaintiff offers in his motion is that "Plitt's expert opinions are approximately eight (8) pages long while his rebuttal opinions are only two and half pages [*sic*] (2 ½)." Docket No. 20, at 3. Plaintiff then cites to 13 pages of Plitt's report. *Id*. The Reply gives slightly more detail, stating that Plitt "outlines in detail 'new' fact opinions generated from his section 'IV. Review of Claim File' and even from Defendant's medical expert, Dr. Reynold Rimoldi." Docket No. 23, at 3. None of these conclusory statements, however, shows that Plitt's report offers more than rebuttal testimony.  Additionally, the Court is not required to sort through Burkett and Plitt's reports to determine where and if Plitt's report does more than refute Burkett's findings. *See Williams v. Eastside Lumberyard & Supply Co.*, 190 F.Supp.2d 1104, 1114 (S.D.Ill.2001) ("A judge is the impartial umpire of legal battles, not a [party's] attorney. He is neither required to hunt down arguments [the parties] keep camouflaged, nor required to address perfunctory and undeveloped arguments.... [T]o the extent that [Plaintiff] failed to develop any additional argument[s] or provide any legal support for them, [it] has waived them.").

Nevertheless, in the interest of resolving this dispute, the Court has reviewed Plitt's report.[1] Docket No. 20-4.  Although Plitt uses certain heading sections to organize and set forth his opinions, his report deals with Defendant's handling of Plaintiff's claim, which appears to be the subject matter of Burkett's report. *Id*. Therefore, Plitt's report appears to be a rebuttal report, and it was timely disclosed on October 7, 2013.

Further, even if Plitt's report does go beyond the scope of Burkett's report, which the Court cannot definitively determine at this time, the disclosure was harmless.

---

[1] The Court could not review Burkett's report because Plaintiff failed to attach it to the instant motion.

- 2 -

The Ninth Circuit has articulated several factors for the Court to consider when determining whether a violation of the expert discovery rules was harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir.2010), *citing David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003).

Here, all four factors weigh in favor of finding harmlessness. First, Plitt's report did not prejudice or surprise Plaintiff. It was disclosed as a rebuttal expert report on the deadline for disclosing rebuttal expert reports. Further, Burkett admitted at his deposition that he reviewed Plitt's report, had an opportunity to evaluate and criticize Plitt's opinions, and he knew he was allowed to express any such criticisms of Plitt's rebuttal in his deposition. In addition, Plaintiff can still supplement Burkett's report up until 30 days before trial pursuant to Fed.R.Civ.P. 26(e)(2). Second, because Plaintiff has not suffered any prejudice or surprise, there is no need to "cure the prejudice." Third, trial has not been set, discovery does not have to be reopened, and, other than the instant motion, Plitt's report has not caused any disruption in this case. Fourth, and finally, there is no evidence of bad faith or wilfulness on behalf of Defendant. Accordingly, the Court finds that even if Plaintiff had shown that Plitt's report went beyond the scope of a rebuttal report, which he has not, Plitt's report is harmless.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Late Disclosed Expert Opinions (#20) is **DENIED.**

DATED this 6th day of December, 2013.

NANCY J. KOPPE
United States Magistrate Judge